PESCAY, DEMANDANTE Y APELADO, *v.* FERNÁNDEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre rescisión de contrato.

No. 2142.—Resuelto en julio 23, 1920.

SENTENCIA SOBRE LAS ALEGACIONES—SENTENCIA DEFINITIVA—EXCEPCIONES PREVIAS—DISCRECIÓN JUDICIAL.—Si cuando se ha desestimado una excepción previa y concedido término para contestar, el demandado no contesta y pide que se dicte sentencia, la que se dicte es definitiva, por más que el demandado la pidiera a reserva de contestar la demanda si era confirmada en apelación la resolución denegatoria de la excepción previa. No se infrinje ley alguna por la corte al desestimar la moción para que se admita una contestación a la demanda, después de resuelto el caso por las alegaciones del demandante, a moción del mismo demandado, y si la corte tenía discreción para admitir la contestación, las circunstancias del caso no demuestran abuso de tal discreción.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. E. Rincón.

Abogados del apelado: Sres. Guerra y Soldevila.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Simón Pescay estableció una demanda ante la Corte de Distrito de San Juan, Sección Primera, en 19 de agosto de 1918 contra Cándido Fernández, sobre rescisión de contrato de arrendamiento e indemnización de daños y perjuicios. El demandado alegó la excepción previa general de que la demanda no aducía hechos suficientes para determinar una

causa de acción. La corte desestimó la excepción y concedió al demandado diez días para contestar la demanda.

El demandado no contestó y pidió que se dictara sentencia con objeto de establecer apelación para que la excepción previa fuera resuelta por esta Corte Suprema, sin perjuicio de utilizar el derecho de contestar la demanda en caso de que fuera confirmada la resolución sobre excepción previa.

La sentencia fué dictada en 25 de enero de 1919 declarando con lugar la demanda y condenando al demandado a pagar al demandante la suma de $1,000 por indemnización de perjuicios, con las costas. La sentencia fué apelada y esta Corte Suprema la confirmó por la suya de junio 5, 1919.

En 12 de junio de 1919 el demandado presentó una moción a la corte originaria con súplica de que se dejara sin efecto la sentencia pronunciada y se le concediera permiso para radicar la contestación que acompañaba, presentando al mismo tiempo una certificación expresiva de la demanda y de la contestación en otro pleito que se seguía ante la misma corte por Cándido Fernández contra Simón Pescay y su esposa Josefina Garín también sobre cumplimiento o rescisión de contrato de arrendamiento e indemnización de daños y perjuicios, y dos *affidavits*, uno de ellos suscrito por Cándido Fernández y el otro por su abogado Enrique Rincón, tendentes a demostrar que Fernández tenía una buena defensa y que dicho abogado le aconsejó que la apelación interpuesta contra la sentencia dictada sobre las alegaciones no perjudicaría su derecho a contestar la demanda caso de que se declarara sin lugar definitivamente la excepción previa. No invocó el peticionario precepto legal alguno que abonara su pretensión. La moción fué declarada sin lugar por resolución de 29 de septiembre de 1919 y contra ella interpuso el demandado el presente recurso.

Alega la parte apelante que la corte erró y abusó de su discreción al dictar la resolución recurrida pues la moción denegada estaba suficientemente justificada por el artículo 140 del Código de Enjuiciamiento Civil y en todo caso por el

poder inherente a las cortes para admitir una contestación que había de conducir a dictar una sentencia de acuerdo con la justicia y los hechos.

No vemos que la moción del demandado para que se admitiera la contestación a la demanda debiera concedérsele como cuestión de derecho pues no se nos ha citado ni encontramos en el Código de Enjuiciamiento Civil precepto legal alguno que así lo ordene. Y no importa que el demandado solicitara el pronunciamiento de la sentencia en los términos en que lo hizo, sin perjuicio del derecho de contestar la demanda si era confirmada la resolución denegatoria de la excepción previa, pues la ley no le reconocía ese derecho y tampoco le fué reconocido judicialmente. Véase nuestra decisión en el caso de *American Railroad Co.* v. *Quiñones,* 17 D. P. R. 261.

Por lo que atañe a que hubiera habido abuso de discreción por parte de la corte sentenciadora al denegar la moción, si fué que tuvo tal discreción al amparo del artículo 140 del código citado, las circunstancias del caso son tales que no vemos haya razón alguna por la cual debamos intervenir en la discreción de la corte sentenciadora como fué ejercitada.

Es de confirmarse la resolución apelada.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.